**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JUSTIN GRANT, ET AL.                                CIVIL ACTION

VERSUS                                              NO. 18-6465

MARLIN N. GUSMAN, ET AL.                            SECTION "D" (3)

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Costs and Attorney's Fees Pursuant to 42 U.S.C.

1988. [Doc. #76].    Defendants filed an opposition, [Doc. #82], and plaintiffs filed a reply. [Doc.

#88]. Having reviewed the pleadings and the case law, the Court rules as follows.

I.    **Background**

Plaintiffs Justin Grant and Jordan Kerr are advantage gamblers.[1]  Plaintiffs allege that

advantage gambling is allegedly not an illegal activity, although it may be discouraged, and casinos

may ban advantage gamblers. [Doc. #56 at pp. 3, 10]. On August 11, 2017, while plaintiffs were

gambling at Harrah's New Orleans Casino, defendants allegedly seized plaintiffs' persons and

property and unlawfully detained them for a prolonged amount of time even after realizing that

plaintiffs were engaging in advantage gambling.

Plaintiffs then sued in this Court under the Fourth and Fifth Amendments to the United

States Constitution to be free from unreasonable searches and seizures and for the deprivation of

their property without due process of law. Ultimately, on February 13, 2020, the parties filed a

stipulation in the record in which they outlined the general terms of a settlement to which they had

agreed. [Doc. #72]. On February 14, 2020, the District Court dismissed this lawsuit given the

settlement and retained jurisdiction to enforcement its terms. [Doc. #74].

---

[1]  The second amended complaint alleges that an "advantage gambler" a term of art in the casino industry
that denotes a player who generally wins at casinos by applying legal strategies when playing games at a
casino. [Doc. #56 at p. 3].

Importantly, in the stipulation between the parties, the parties agreed that the settlement rendered plaintiffs prevailing parties for purposes of the recovery of attorney's fees under 42 U.S.C. § 1988 and that plaintiffs would file any motion for said fees and costs within 45 days of the filing of the stipulation. [Doc. #72 at p. 2].   This motion followed, and plaintiffs now seek attorney's fees in the amount of $98,133.68 and costs in the amount of $1,268.26.

## II.    Law and Analysis

### A.    The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorney's fees should not spawn major ancillary litigation.   *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).   A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.   *Associated Builders & Contractors*, 919 F.2d at 379; *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.   *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.   The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

2

In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.   *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

There exists a strong presumption of the reasonableness of the lodestar amount. *Saizan*, 448 F.3d at 800 (5th Cir. 2006). After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar may not be adjusted due to a *Johnson* factor, however, if the determination of the lodestar already took that factor into account; to do so would be impermissible double counting. *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

i.    **Reasonable Hourly Rates**

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill."   *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her 'customary billing

rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

Here, plaintiffs seek $450.00/hour for Robert A. Nersesian, a named partner at the Las Vegas law firm Nersesian & Sankiewicz. Nersesian has over 35 years of experience with approximately 20 of those years dedicated to representing gamblers. They also seek $300.00/hour for Thea N. Sankiewicz, a partner at Nersesian & Sankiewicz with over 35 years of experience. Lastly, plaintiffs ask the Court to sanction $300.00/hour for three Louisiana attorneys at the law firm of Aaron & Gianna.    Omar Mason, who is currently a state-court judge, has over 21 years of experience in litigation.    Anna Rainer, lead counsel, possesses 13 years of experience, and DeWayne Williams has over 19 years of experience.

Citing case law, defendants challenge Nersesian's fee as contrary to the prevailing market rates in this area. They also argue that not one of Aaron & Gianna's attorneys had over 21 years of experience at the time of the litigation and do not merit a $300.00 hourly rate.

Reviewing the most recent case law in this district, the Court finds that $300.00/hour for Mason, Rainer, and Williams is a reasonable hourly rate. *See, e.g., Orellano Joya v. Munguia Gonzales*, Civ. A. No. 20-236, 2020 WL 1904010, at *2 (E.D. La. Apr. 17, 2020) (approving $235.00/hour for attorneys with five years experience); *Cajun Servs. Ltd., L.L.C. v. Benton Energy Serv. Co.*, Civ. A. No. 17-491, 2020 WL 375596, at **5-6 (E.D. La. Jan. 23, 2020) (approving $350.00hour for attorneys with 15 and 11 years and $275.00/hour for attorneys with four-seven years experience); *Jones v. New Orleans Regional Physician Hosp. Org.*, Civ. A. No. 17-8817, 2019 WL 6770029, at *2 (E.D. La. Dec. 12, 2019) (approving $355/hour for an attorney for

attorney with 17 years experience, $300.00/hour for attorney with 13 years experience, and $220/hour for attorney with four years experience); *Batiste v. Lewis*, Civ. A. No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (awarding $200.00/hour to attorney with five years experience); *Hubert v. Curren*, Civ. A. No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *Alfasigma USA, Inc. v. EBM*, Civ. A. No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4682297, at *2 (E.D. La. Oct. 18, 2017) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience); *Curry v. Lou Rippner, Inc.*, No. 14-1908, 2016 WL 236053, at *6 (E.D. La. Jan. 20, 2016) (finding that $210 was a reasonable hourly rate for a founding partner with more than 15 years of experience); *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding that $250 was a reasonable hourly rate for an attorney with 31 years of experience). Pursuant to this case law, the Court finds that the hourly rates for Mason, Rainer, and Williams are reasonable.

With regard to Sankiewicz, the Court is more circumspect. Sankiewicz is a licensed Nevada attorney who did not enroll *pro hac vice* in this lawsuit. That absence of *pro hac vice* status gives the Court pause. *Pro hac vice* rules exist for a reason: To ensure that an attorney is eligible and qualified to practice law in this district. *Warder v. Shaw Group, Inc.*, Civ. A. No. 09-4191, 2016 WL 3447950, at *3 (E.D. La. June 23, 2016). Without filing a motion for admission *pro hac vice* with the proper supporting documentation, this Court could not – generally – conclude that Sankiewicz was ever qualified to practice law here.

The Court's review of the case law reveals that the issue of whether a court may award fees to an attorney from outside a district who is not admitted *pro hac vice* has created a disagreement among the courts, and the Fifth Circuit has not yet taken a definitive stance on the issue. *Compare Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) (holding that the Equal Access to Justice Act "authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not.") *with Gilmore v. Elmwood South, L.L.C.*, Civ. A. No. 13-37, 2015 WL1245770 (E.D. La. Mar. 18, 2015) (declining to award fees to attorney not admitted *pro hac vice* to the Eastern District of Louisiana) *and Shapiro v. Paradise Valley Unified School Dist. No. 69*, 374 F.3d 857, 862 (9th Cir. 2004) (affirming district court's award of attorney's fees only from date of attorney's admission *pro hac vice*) *and Idaho Sporting Congress, Inc. v. Alexander*, 23 Fed. Appx. 713, 714 (9th Cir. 2001) ("Failure of ISC counsel to properly and timely secure *pro hac vice* admission before the district court was a sufficient reason to deny ISC's application for attorney's fees....").[2]

---

[2] This Court also held similarly in *Fund for Louisiana's Future v. La. Bd. of Ethics*, Civ. A. No. 14-368 (E.D. La. Sept. 24, 2014), Doc. #52 (rejecting fees by attorney not admitted *pro hac vice* in the Eastern

This Court recognizes that it has denied attorney's fees to out-of-state attorneys who failed to enroll *pro hac vice*. *Gilmore v. Elmwood South, L.L.C.*, Civ. A. No. 13-37, 2015 WL 1245770, at *3 (E.D. La. Mar. 18, 2015). However, the attorney in *Gilmore* provided no supporting documentation to the Court to verify his qualifications. *See id.* In *Warder*, this Court awarded attorney's fees to an attorney who did not enroll *pro hac vice* but who provided supporting verification for her qualifications. 2016 WL 3447950, at *3.   Here, Sankiewicz attests that she has reviewed the memorandum in support that outlines her qualifications and legal history, and that recital is true. [Doc. #76-9 at p. 2]. The memorandum notes that Sankiewicz has over 35 years of experience and has appeared in the United States Supreme Court, the Ninth Circuit Court of Appeals, and the Sixth Circuit Court of Appeals. [Doc. #76-1 at p. 10]. She is a former adjunct professor of legal writing at University of Detroit Mercy, Detroit Mercy Law. [*Id.*]. She has been published in the Nevada Bar Journal and the Michigan Tax Law Journal and has written on federal civil procedure for a coursebook on continuing legal education. [*Id.*]. She has tried cases in federal court on claims under Section 1983 and false imprisonment by casinos and has historically represented Wynn Resorts. [*Id.*]. As in *Warder*, this Court finds that Sankiewicz has provided this Court with supporting documentation to verify her qualifications, and the Court will thus award fees for her services. [Doc. #76-9]. Based on the case law cited above, the Court finds that $300.00/hour for Sankiewicz, an attorney with 35 years of experience, is reasonable.

With regard to Nersesian, however, the Court finds that $450.00/hour for an attorney with 35 years of experience is not indicative of the prevailing market rate in this district. *McGee v. Tregre*, Civ. A. No. 18-3341, 2019 WL 3308324, at *4 (E.D. La. Feb. 11, 2019) (approving

District of Louisiana).

7

$375.00/hour for attorney with 41 years of experience); *Batiste v. Lewis*, Civ. A. No. 17-4435, 2019 WL 1591951, at \*3 (E.D. La. Apr. 12, 2019) (finding $375.00 per hour to be reasonable for a partner with 35 years of experience); *Moody v. Assoc. Wholesale Grocers, Inc.*, Civ. A. No. 17-10290, 2019 WL 66833850, at \*3 (E.D. La. Dec. 6, 2019) (approving $315.00/hour for attorney with over 30 years of experience); *Hamdan v. Tigers Bros. Food Mart, Inc.*, Civ. A. No. 15-412, 2018 WL 3029991, at \*\*12-13 (M.D. La. May 22, 2018) (reducing hourly rate for attorney with over 30 years of experience in intellectual property litigation from $420.00/hour to $375.00/hour); *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, Civ. A. No. 15-1533, 2017 WL 4682297, at \*2 (E.D. La. Oct. 18, 2017) (Roby, M.J.) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience). Pursuant to this case law, the Court finds that an hourly rate of $375.00 is reasonable for an attorney with 35 years of experience and 20 years' specialization in representing gamblers.

### ii.   Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement" *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing

judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Plaintiffs seek 150.2 hours for Nersesian, 5.1 hours for Sankiewicz, and 96.7 hours for Aaron & Gianna's attorneys combined.   However, plaintiffs advance very little argument to justify that the hours that they expended were reasonable. This is most likely because plaintiffs presume the lodestar that they submitted is correct: "In other words, compensation recoverable under 42 U.S.C. 1988 should ordinarily be based upon a lodestar and there is a presumption that a submitted lodestar is correct." [Doc. #Doc. #76-1 at p. 2]. But that is an incorrect presumption. The lodestar that is presumed correct is the amount *the Court* calculates, not the face amount submitted by the party seeking fees. As noted above, in assessing the reasonableness of attorney's fees, *the Court* must first determine the lodestar by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.   *See Hensley*, 461 U.S. at 433. *That* lodestar amount – calculated by the Court – is presumed reasonable for the purpose of determining whether to apply the *Johnson* factors.    There is no presumption of reasonableness for the amount submitted by the party seeking fees. That lack of presumption is precisely why the party seeking fees bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *See id.* at 437.

Near the end of their memorandum, however, plaintiffs maintain cursorily that they excised duplicate time entries from their statements. They also maintain that they deleted time entries that reflected intra-firm updates or conferences that merely apprised those involved of the status of the litigation. They also contend that they deleted all time entries that reflected work dedicated to the earlier-dismissed defendants (Jazz Casino Co., L.L.C. ("Harrah's") and Stacey Dorsey). They further argue that they allowed the few time entries of a legal assistant in the office of Nerserian & Sankiewicz to be subsumed with those of Rainer, with whom the legal assistant conferenced in New Orleans.

Defendants advance numerous arguments against the reasonableness of plaintiffs' hours. Defendants maintain that plaintiffs billed excessively for form work. Citing Nerserian's extensive experience with advantage gamblers and the list of representative cases in plaintiffs' memorandum, defendants contend that many of the pleadings filed here were standardized forms filed in earlier cases and did not require much factual analysis or legal research. Defendants note that Nersesian billed 13.3 hours for drafting the complaint, and Mason billed 9.9 hours on the same task. Nersesian also billed 10.5 hours for drafting discovery that, defendants maintain, he has certainly used before and were the barest of discovery requests.    They also note that Nersesian billed 1.9 hours and 5.2 hours on the first and second amended complaints, respectively.    The only changes in either complaint was identifying the names of the proper defendants and removing the charges against Harrah's after plaintiffs and Harrah's settled. Defendants cite to other excessive fee entries, like 38 hours for a motion for summary judgment – that was most likely filed before – and 20.9 hours for drafting the motion for attorney's fees, which, they contend, should be excluded in their entirety. Citing a recent case from this Court, defendants maintain that the magistrate judge

10

disallowed any request for drafting a motion for attorney's fees on the ground that any litigation activities taken after the resolution of the plaintiff's claims did not constitute prosecution of the plaintiff's case.

Comparing the time entries of Nersesian and the Aaron & Gianna firm, defendants also point out numerous duplicative entries.    They ask the Court to strike Aaron & Gianna's fees given their minor role in this litigation. They also argue that many tasks were undertaken against both defendants and the Harrah's defendants, such as the drafting of the initial complaint, and plaintiffs failed to allocate a certain amount of time to each defendant.

In their reply (for which plaintiffs seek an additional $3,150.00 [Doc. #88-4]), plaintiffs maintain that defendants inflate the hours corresponding to certain tasks in their time entries.    For example, plaintiffs maintain that Nersesian expended 10.7 hours – as opposed to defendants' calculation of 13.3 hours – on the complaint, and Mason expended only 5.3 hours – as opposed to defendants' calculation of 9.9 hours. They also maintain that while Nersesian may have drafted similar complaints before, Counts 3 through 8 were devoted to state-law claims.    Nersesian is a lawyer in Nevada unfamiliar with Louisiana law, which, they contend, he had to research.

Plaintiffs also argue that much of the time expended in this lawsuit was caused mainly by defendants' intransigence, which is reflected in Nersesian's time entries. For example, they point to defendants' initial refusal to provide the names of the deputies involved in the incident at Harrah's, followed by defendants' failure to provide the correct identities. When defendants provided the incorrect identities of the officers, plaintiffs noticed and scheduled the depositions of these individuals and prepared a motion for summary judgment. They then learned that those identities were incorrect, thereby necessitating all new notices of depositions and a revised motion

11

for partial summary judgment. Plaintiffs maintain that had defendants been direct from the outset, many of their hours would not have been necessitated.

Plaintiffs also point to six sets of interrogatories to defendants, each of which was narrowly tailored to the individual defendant. Distinguishing the case law on which defendants rely to argue that fees for motions for attorney's fees should be denied, plaintiffs note that in the one case cited, the Court specifically found that the motion for fees was inadequate and unhelpful to the Court, and it therefore declined to award fees for the motion. That is not the case here, they contend.

This Court has reviewed the time entries from all five attorneys and finds that a reduction is necessary. While the Court recognizes that many of the hours devoted solely to Harrah's have been stricken, the Court has found at least 4.2 hours in Nersesian's time entries in which Jeffrey Raines – counsel for Harrah's – was involved. The Court also notes that 3.3 hours were devoted to work directed at Harrah's. These entries should have been excised. In addition, Nersesian spent approximately 20.6 hours on the motion for partial summary judgment [Doc. #35-5], a motion that was dismissed without prejudice [Doc. #39] and never refiled. Rainer and Williams also expended approximately 15.6 hours on the same unsuccessful motion. Nersesian further expended 3 hours on research and started drafting an opposition to a prospective motion to dismiss on the ground of qualified immunity, a motion that was never filed by defendants. Federal courts typically deny attorney's fees for unsuccessful, futile, or wasteful litigation efforts because such fees cannot be characterized as reasonable. *See, e.g., Montanez v. Simon*, 755 F.3d 547, 555-56 (7th Cir. 2014) (affirming percentage reduction in lodestar when plaintiff "lost four of his six claims" and received small amount of damages in civil rights case); *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998) (finding that district court did not abuse discretion in reducing fees for

time spent pursuing unsuccessful claim and to reflect limited success on other issues); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 799-800 (S.D. Tex. 2009), *aff'd*, 381 F. App'x 449 (5th Cir. 2010) (deducting for defendants' attorney's time spent pursuing claims that did not overlap with successful claim).

Moreover, this Court has reviewed the four sets of discovery submitted as exhibits to defendants' opposition. The discovery requests to Lamont Thompson [Doc. #82-4] and Tyrone Garrison [Doc. #82-5] are identical.    The first set of requests to Marlin A. Gusman consist of five requests for production [Doc. #82-2], and the second set of requests consist of two requests for production with sub-parts. [Doc. #82-3]. Such discovery does not require an inordinate amount of time to draft. In addition, the Court has found other time entries that reflect too much time expended on simple, routine tasks. For example, Rainer expended approximately 3 hours on a one-and-a-half page motion to withdraw and substitute counsel. [Doc. #27]. Rainer and Williams also expended a rather large amount of time on "receiving" and "reviewing" electronic notices from the Court regarding various run-of-the-mill motions and orders and often performed the same task twice or cumulatively, as in the "receipt" and "review" of the order transferring this lawsuit to the current District Judge or the "receipt" and "review" of defendants' opposition to the to the cursory motion to dismiss. [*See, e.g.*, Doc. #76-4 at p. 19, 20, 21, 22, 23, 32-33]. In short, there are numerous entries that generically describe the task at hand as "receiving," "reviewing," or "analyzing" routine electronic notices from the Court by multiple attorneys.

Similarly, work that is clerical rather than legal in nature should also be excluded. "Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate." *Hagan v. MRS Assocs., Inc.*, Civ. A. No. 99-3749, 2001 WL 531119, at *9

(E.D. La. May 15, 2001) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995); *In re North*, 59 F.3d 184, 195 (D.C. Cir. 1995)) (additional citations omitted). "[W]hen an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate. The filing of papers is a task which could be handled by clerical staff." *Sassaman v. Heart City Toyota*, 879 F. Supp. 901, 918 (N.D. Ind. 1994) (quotations omitted); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."); *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (secretarial tasks); *Abrams v. Baylor College*, 805 F.2d 528, 535-36 (5th Cir. 1986) (clerical work); *Hagan*, 2001 WL 531119, at *9 (faxing documents); *Barrilleaux v. Thayer Lodging Group, Inc.*, Civ. A. No. 97-3252, 1999 WL 397958, at *2 (E.D. La. June 11, 1999) (clerical and administrative tasks); *Inks v. Healthcare Distribs. of Ind., Inc.*, 901 F. Supp. 1403, 1416 (N.D. Ind. 1995) (delivery of materials to opposing counsel). Conspicuously absent from the billing entries are any time entries by a paralegal. While the Court recognizes that a legal assistant from Nersesian & Sankiewicz participated in the case, it appears that her name arises only in the context of communicating with Rainer in New Orleans. Plaintiffs' counsel thus billed for "converting forms to pdf" or "locating sample deposition notices" or "calculating and calendaring deadlines." [Doc. #76-4 at pp. 7, 17, 36]. These are the types of tasks that can easily be performed by a judicial assistant or paralegal and should not be awarded the higher rates of attorneys. For all

of these reasons, the Court finds that an overall reduction of 40 percent[3] of the submitted lodestar is warranted.[4]

### iii.    The *Johnson* Factors

The majority of plaintiff's opening memorandum concentrates on the so-called *Johnson* factors. After the lodestar is determined, the Court may adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 724, 717-19 (5th Cir. 1974); *see Moody v. Associated Wholesale Grocers, Inc.*, Civ. A. No. 17-10290, 2019 WL 6683850, at *5 (E.D. La. Dec. 6, 2019). The 12 *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19; *see also Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 424 F. Supp. 3d 456, 497 (E.D. La. 2020).

"[T]he Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the

---

[3] When attorneys exercise inadequate billing judgment, an award may be reduced by a percentage intended to substitute for the exercise of proper billing judgment. *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d 499, 508 (E.D. La. 2018) (and cases cited therein).

[4] The Court rejects defendants' arguments that any fees associated with this motion for fees should be stricken. *Smith*, 2019 WL 7580771, at *3 (citing *Johnson v. State of Miss.*, 606 F.2d 635, 637-38 (5th Cir. 1979)).

record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., L.L.C.*, Civ. A. No. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996)); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("*Blum* also limited the factors which a district court may consider in determining whether to make adjustments to the lodestar amount. Expanding on our earlier finding in *Hensley* that many of the *Johnson* factors "are subsumed within the initial calculation" of the lodestar, we specifically held in *Blum* that the 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.").   In addition, three of the *Johnson* factors, complexity of the issues, results obtained, and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. *Heidtman*, 171 F.3d at 1043 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Moreover, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Smith v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, Civ. A. No. 17-7267, 2019 WL 7580771, at *3 (E.D. La. Sept. 5, 2019), *report and recommendation adopted*, Civ. A. No. 17-7267, 2019 WL 7580772 (E.D. La. Oct. 1, 2019). And to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

There is a strong presumption of the reasonableness of the lodestar amount. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The Fifth Circuit has held that "the most critical factor in

determining an attorney's fee award is the degree of success obtained." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 5th Cir. 2003) (internal quotations omitted); *see Ransom v. M. Patel Enters., Inc.*, 734 F.3d at 377, 387-88 (5th Cir. 2013). However, the Fifth Circuit has also held that "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) (citing *Saizan*, 448 F.3d at 799); *accord Singer*, 324 F.3d at 830; *Hollowell v. Orleans Reg'l Hosp., L.L.C.*, 217 F.3d 379, 392 (5th Cir. 2000).

After considering the *Johnson* factors, the Court finds that they warrant neither an upward or downward adjustment.   As noted above, plaintiffs focused on the *Johnson* factors in their opening memorandum.   Accordingly, this Court has in essence already considered the *Johnson* factors in its analysis of the reasonable hourly rates and the reasonable hours expended by plaintiffs' counsel, and there is no reason to reconsider them here.

### iv.    Total

For the foregoing reasons, the Court finds that the lodestar is as follows:

|  | Hours | Rate | Total |
|---|---|---|---|
| Robert A. Nersesian | 150.20 | $375.00 | $56,325.00 |
| Thea M Sankiewicz | 5.1 | $300.00 | $1,560.00 |
| Aaron & Gianna | 96.7 | $300.00 | $29,010.00 |
|  |  |  | $86,895.00 |

$86,895.00 reduced by 40% = **$52,137.00**

### v.    Costs

Plaintiffs also seek $1,268.26 in costs. Generally, costs other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d).   Section 1920 provides that a prevailing party may recover the following costs:

17

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

Defendants do not object to plaintiff's request for $1,268.26 in costs. [Doc. #82 at p. 16]. This Court has reviewed the bill of costs submitted by plaintiff, [Doc. #76-6], and finds that because none of the costs is blatantly unrecoverable, the Court awards plaintiffs $1,268.26 in costs.

## III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Costs and Attorney's Fees Pursuant to 42 U.S.C. 1988 [Doc. #76] be GRANTED IN PART to the extent that plaintiffs be awarded $52,137.00 in fees and $1,268.26 in costs.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 9th day of September, 2020.

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**